# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHEROKEE NATION, and CHEROKEE NATION ENTERTAINMENT, LLC, <br><br>Plaintiffs, <br><br>v. <br><br>KENNETH L. SALAZAR, *in his official capacity as Secretary of the Interior*, and MICHAEL S. BLACK, *in his official capacity as Acting Assistant Secretary for Indian Affairs*, <br><br>Defendants, <br><br>v. <br><br>UNITED KEETOOWAH BAND OF CHEROKEE INDIANS IN OKLAHOMA, <br><br>Intervenor Defendant. | Case No. 12-cv-493-GKF-TLW |

## ORDER

This matter comes before the court on the Motion to Intervene of the United Keetoowah Band of Cherokee Indians in Oklahoma (Doc. #23). The UKB asserts a right to intervene, and in the alternative, requests permission to intervene. Fed. R. Civ. P. 24(a) & (b). Plaintiffs oppose the intervention; defendants do not.

In August of 2011, the UKB submitted an amended application to the Bureau of Indian Affairs ("BIA") requesting the United States acquire a specific tract of land in trust either for the UKB or, in the alternative, the tribe's federally-chartered corporation. In July of 2012, the Acting Assistant Secretary for Indian Affairs issued a decision that the land be accepted into trust for the UKB's federally-chartered corporation. This litigation concerns the Cherokee Nation's challenge to that decision, and specifically the finding that "the former reservation of the

[Cherokee Nation] is also the former reservation of the UKB for the purposes of applying the [former reservation] exception under 25 U.S.C. §2719(a)(2)(A)(i)."  (Doc. #2 at ¶1, Ex. 1, p.4).

Preliminarily, the motion to intervene is timely.  *See Oklahoma ex rel. Edmondson v. Tysons Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010).

### I. <u>Intervention of Right</u>

A motion to intervene must be granted if the movant:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  The UKB owns the subject tract in fee simple and initiated the original agency process that led to the decision on review here.  The UKB, thus, has "an interest relating to the property" that is the subject of this action.  *Cf. San Juan County, Utah v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007) (environmental groups interest in national park itself, rather than road at issue, was sufficient to justify intervention as of right).  And the outcome of this litigation could, if decided contrary to the UKB's interests, "impair or impede" the UKB's ability to have the United States take the land in trust for the tribe's federally-chartered corporation.  The Cherokee plaintiffs' objections – that the UKB's fee simple interest is not affected by this litigation and that the UKB has no interest in this litigation because the land would be held in trust for the tribe's federally-chartered corporation – draw too narrow a line. The UKB's ability to use the land as it wishes would be severely curtailed if the Department's decision is overturned.  *San Juan County*, 503 F.3d at 1200 ("The issue is the *practical* effect of a judgment…, not the *legally compelled* effect.").  Thus, the UKB may intervene by right unless the existing parties adequately represent the UKB's interests.

The defendants do not adequately represent the UKB's interests. The would-be intervenor's burden to show inadequate representation is "minimal" and the divergence of interests "need not be great." *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009). The government's positions may not align with the UKB's, though both entities support the ultimate decision. And the UKB has a financial interest that the government does not share.

Therefore, the UKB's motion to intervene as of right is granted.

## II. Permissive Intervention

In the alternative, the court grants permissive intervention. The UKB initiated the agency process that culminated in the decision on review. Its interests are substantial and not directly represented in the proceedings. Permitting intervention now should not delay the proceedings or prejudice any party.

WHEREFORE, the Motion to Intervene (Doc. #23) of the United Keetoowah Band of Cherokee Indians in Oklahoma is granted.

DATED this 29th day of January, 2013.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT