THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **THE CHEROKEE NATION and CHEROKEE NATION ENTERTAINMENT, LLC,** | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 12-cv-493-GKF-TLW<br>) |
| **S.M.R. JEWELL,** in her official capacity as Secretary of the Interior, and **KEVIN WASHBURN,** in his official capacity as Acting Secretary for Indian Affairs, U.S. Department of the Interior, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants, | )<br>) |
| **UNITED KEETOOWAH BAND OF CHEROKEE INDIANS IN OKLAHOMA** | )<br>)<br>) |
| Intervenor Defendants. | ) |

## OPINION AND ORDER

In its Opinion and Order (dkt. # 116) on plaintiffs' Motion to Supplement the Administrative Record and Objection to Redactions (dkt. # 49), the District Court ordered defendants to provide a July 30, 2012, Indian Lands Opinion to the undersigned *in camera* for a determination on the issue of whether the opinion was properly withheld on the grounds of attorney-client privilege. (Dkt. # 116). The undersigned has received and reviewed that document.

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." Upjohn Co. v. United States, 449 U.S.383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) (citation omitted). The privilege "encourage[s] full and frank communications between attorneys and their clients" because an attorney's ability to

provide "sound legal advice or advocacy depends upon the lawyer's being fully informed by the client." Id. The privilege covers communications from client to attorney and from attorney to client. See In re Grand Jury Proceedings, 616 F.3d 1172, 1182 (10th Cir. 2010). The privilege, however, is not universal, as it protects only those communications that "relate to legal advice or strategy sought by the client." United States v. Johnston, 146 F.3d 785, 794 (10th Cir. 1998). Defendants, who are seeking to invoke the privilege, bear the burden of proof. See Motley v. Marathon Oil Co., 71 F.3d 1547, 1550 (10th Cir. 1995).

The July 30, 2012, Indian Land Opinion is a textbook example of a memorandum from an attorney, the Associate Solicitor for Indian Affairs, that analyzes legal issues and provides legal advice to the client, the Acting Assistant Secretary for Indian Affairs. The Court has also reviewed the District Court's Opinion and Order (dkt. # 116), the agency's final decision, and the privilege log and finds no evidence of a waiver. Accordingly, the Court finds that the July 30, 2012, Indian Lands Opinion is protected by attorney-client privilege.

SO ORDERED this 7th day of November, 2013.

_____
T. Lane Wilson
United States Magistrate Judge